DECISION AND JUDGMENT ENTRY
John Young appeals the judgment entered by the Meigs County Common Pleas Court denying his "motion to dismiss" payment of fines and court costs. Appellant asserts one assignment of error:
 THE COURT OF COMMON PLEASE ERRED TO THE PREJUDICE OF APPELLANT WHEN THE COURT DENIED APPELLANT'S MOTION TO DISMISS COURT COSTS AND FINES IN CASE NO. 90-CR-044.
Finding merit in this assignment of error, we reverse and remand this case to the trial court.
In January 1991, a jury found appellant guilty of kidnapping in violation of R.C. 2905.01. The trial court then found appellant guilty of a specification that he had previously been convicted of murder. The court sentenced appellant to serve 15 to 25 years in prison.
In December 1999, the Meigs County Prosecuting Attorney filed an affidavit certifying court costs and restitution indicating that appellant owed $1,074. As a result, a hold was placed on appellant's personal account through the department of rehabilitation and correction. Appellant filed a "motion to dismiss" (i.e. a motion to vacate) the court costs or fines on the ground that he was indigent at the time of trial and cannot be ordered to pay such costs. The state filed a motion contra and the trial court denied appellant's motion. A timely appeal was filed.
R.C. 2949.14 provides that "[u]pon conviction of a nonindigent
person for a felony, the clerk of the court of common pleas shall make and certify * * * a complete itemized bill of the costs made in such prosecution * * * * * [T]he clerk shall attempt to collect the costs from the person convicted." (Emphasis added.) R.C. 2949.19 delineates the procedure by which the clerk of common pleas may be reimbursed for the costs associated with the conviction of an indigent person.
In its appellate brief, the Meigs County Prosecuting Attorney joins in appellant's assignment of error and submits that the trial court's decision should be reversed. Notwithstanding the fact that the prosecutor originally caused the costs to be certified, he now agrees that appellant is indigent as defined under both state and federal law, and has been incarcerated for more than ten years. As the State of Ohio concurs with the assignment of error and we can find no law supporting the lower court's position that appellant is required to pay the costs and fines, we are forced to reverse the trial court's decision and remand with instructions to vacate the imposition of the fine and costs.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Evans, J.: Concur in Judgment and Opinion.
 By: ________________________ William H. Harsha, Judge